# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| PRENTISS ANTONIO PHILLIPS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00447 |
| | ) | REEVES/GUYTON |
| LYNNDY HOUSTON-FAGAN, | ) | |
| RONALD HIGGS, PAUL NINER, | ) | |
| JAMES SPALL, BRANDON FOSTER, | ) | |
| and SHAWN PHILLIPS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED** *sua sponte*.

## I.    FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On September 24, 2015, the Court entered an Order, directing Plaintiff to either pay the full filing fee or submit an application to proceed in *forma pauperis* [Doc. 2]. Plaintiff then submitted an application to proceed *in forma pauperis* [Doc. 3], and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without

the prepayment of costs or fees or security therefor as of the date the Complaint was received. However, because Plaintiff's complaint will be dismissed as duplicative, and Plaintiff will be charged a filing fee for his initial case, the Court will not assess a filing fee at this time.

## II.    BACKGROUND

Plaintiff, currently incarcerated at the WTSP, filed this complaint under 42 U.S.C. § 1983 on September 23, 2015, for alleged violations of his civil rights occurring during his confinement at the Morgan County Correctional Complex ("MCCX") [Doc. 1].  Plaintiff claims that the Defendants acted in deliberate indifference under the Eighth Amendment to his serious medical needs when several of his "chronic care" medications were not renewed after the prescriptions expired [*Id.* at 6].  Additionally, Plaintiff claims that his due process rights were violated through the grievance process related to the denial of his prescription medication [*Id.* at 8].  Further, Plaintiff alleges that the cancellation of his "chronic care" medication has resulted in constant pain and suffering [*Id.* at 9].  Plaintiff requests that the Court issue a declaratory judgment and an injunction providing him with appropriate medical treatment, and seeks compensatory and punitive damages [*Id.* at 11–12].

## III.    ANALYSIS

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune.  *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief.").  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

However, Plaintiff previously filed a civil rights complaint in this Court raising essentially the same claims raised in this case, and concerning conduct occurring over the same period of time as the factual allegations at issue. *See Philipps v. Houston-Fagan et al.*, No. 3:15-cv-322. That matter remains pending before the Court.

"As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

With respect to duplicative suits, the Sixth Circuit has stated

"[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. Appx 435, 438 (6th Cir. 2006) (alterations in original). "A complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff.'" *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (quoting *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F.Supp.2d 357, 359–60 (D. Del. 2009)); *see, e.g.*, *Harris v. TDOC Comm'r*, No. 3:16-cv-615, 2016 WL 6464480, at *2 (E.D. Tenn Nov. 1, 2016) (dismissing duplicative § 1983 complaint as malicious). Accordingly, this Court will exercise its discretion and will **DISMISS** this duplicative § 1983 complaint as malicious. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation.").

## IV. CONCLUSION

Based on the above, Plaintiff's application to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**.  However, the Court will not assess a filing fee at this time.  Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff's complaint is duplicative of another pending case before this Court, and thus, the Court finds his claims to be malicious under 28 U.S.C. §§ § 1915(e)(2)(B) and 1915A.  Therefore, Plaintiff's complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim for relief under 42 U.S.C. § 1983.  Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**UNITED STATES DISTRICT JUDGE**